UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JONOTHAN WAYNE GRACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:08-CV-342 |
| ) | (VARLAN/GUYTON) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 12], and the defendant's Motion For Summary Judgment. [Doc. 16]. Plaintiff Jonothan Wayne Grace seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

1. The claimant met the insured status requirements of the Disability Act on March 21, 2003, the date the claimant stated he became unable to work, and continued to meet them through March 31, 2003, but not thereafter.

2. The claimant has not engaged in substantial gainful activity since March 21, 2003.

3. The medical evidence established that the claimant has a severe impairment amputation of four fingers on the left hand, but that he does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. The claimant's allegations of disabling pain and other symptoms are not credible and are not supported by the evidence.

5. The claimant has the residual functional capacity to perform work-related activities except for work involving medium to heavy exertion and fine manipulation with the left hand.

6. The claimant's past relevant work as a courier did not require the performance of work-related activities precluded by the above limitation(s).

7. The claimant's impairment does not prevent the claimant from performing his past relevant work.

8. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision.

(Tr. 18-22).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human

Services, 823 F.2d 918, 920 (6th Cir. 1987). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

Plaintiff argues that the ALJ erred in his credibility finding on the issue of the plaintiff's allegedly disabling pain. The plaintiff asserts that objective medical evidence shows that the plaintiff does have an impairment that reasonably could be expected to produce such pain. In addition, the plaintiff argues that he could not return to his past relevant work as a courier, because of mental limitations which the ALJ did not properly consider.

The Commissioner argues that substantial evidence in the medical record supports the ALJ's assessment of plaintiff's capacity to perform light work, with the noted limitations.

Plaintiff has the burden of proving his entitlement to benefits. Boyes v. Secretary of Health and Human Services, 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)), and the burden of proving that he is unable to perform his past relevant work. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 108 (6th Cir. 1989). I find, however, in the present case that plaintiff has not met that burden.

First, the medical opinions support the ALJ's RFC finding. Wayne Page, M.D., examined the plaintiff in 2006 and found that the plaintiff could lift or carry up to twenty pounds, and was unrestricted in his ability to sit, stand, or walk. He found no visual impairment, only limitations on fine motor activity with hands (Tr. 285-290). Two years later, Dr. Page again

examined the plaintiff. As before, he found that the plaintiff had no physical limitation other than an inability to perform activities requiring fine digital movement of both hands (Tr. 519-523).

State agency physicians reviewed the evidence of record in March 2006 and February 2008, and concluded that the plaintiff could perform the exertional requirements of light-to-medium-level work subject to limitations with respect to handling, fingering, and gripping with his left hand (Tr. 291-98, 524-31).

Second, the medical record does not reflect any impairments beyond what the ALJ found. The ALJ correctly noted that no doctor described the plaintiff as unable to work.

In addition, plaintiff's treating health care providers described him as having no more than mild to moderate emotional symptoms and limitations. State Agency mental health professionals reviewed the record and made findings consistent with the ALJ's assessment (Tr. 270-283). Plaintiff was stable on medication (Tr. 205-207).

Plaintiff criticizes the ALJ's credibility assessment, but his arguments are insufficient to overcome the significant deference owed an ALJ's credibility finding. See Cruse v. Commissioner of Social Security, 502 F.3d 532, 542 (6th Cir. 2007) ("[A]n ALJ's credibility determinations about the claimant are to be given great weight. . .").

Accordingly, I find that the ALJ properly reviewed and weighted the medical source opinions, the objective medical findings, and all of the plaintiff's impairments, and the plaintiff's credibility, to determine that he could perform a range of light work, including his past relevant work.

4

Accordingly, it is hereby **RECOMMENDED**[1] that the plaintiff's Motion For Summary Judgment [Doc. 12] be **DENIED** and that the Commissioner's Motion For Summary Judgment [Doc. 16] be **GRANTED**.

Respectfully submitted,

s/H. Bruce Guyton
United States Magistrate Judge

---

[1]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).